NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL JONES,

          Petitioner,

   v.

TERRANCE MOORE, et al.,

          Respondents.

Civil Action No. 02-1728 (RBK)

**O P I N I O N**

**APPEARANCES:**

   MICHAEL JONES, #64125, Petitioner Pro Se
   East Jersey State Prison
   Rahway, New Jersey  07065

   JANET FLANAGAN, Deputy Attorney general
   PETER C. HARVEY, Attorney General of New Jersey
   Division of Criminal Justice
   Richard J. Hughs Justice Complex
   P.O. Box 086
   Trenton, New Jersey 08625-0086
   Attorneys for Respondents

**KUGLER, DISTRICT JUDGE**

    Michael Jones ("Jones"), currently confined at East Jersey State Prison in Rahway, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising several grounds for relief.  The State filed an Answer opposing the Petition, accompanied by

relevant portions of the State court proceedings. For the reasons expressed below, the Court will dismiss the Petition as untimely and decline to issue a certificate of appealability.

## I. BACKGROUND

On April 21, 1980, after a guilty plea, Petitioner was sentenced to a life term for first degree murder (N.J.S.A. 2A: 113-1, 2); a concurrent one to five year term for murder while armed (2A: 151-5); three to twelve years consecutive to the life term for assault with intent to kill (2A: 90-4(a), 2A: 90-2); and five years concurrent with the life term for armed robbery (2A: 141-1,151-5) . (Answer, ¶¶ 3,4.) Petitioner appealed, and the New Jersey Appellate Division affirmed on April 2, 1981. (Id., ¶ 9.) Petitioner did not file a petition for certification to the New Jersey Supreme Court. (Id.) Petitioner sometime later filed a Petition for Post-Conviction relief in state court, which was denied on October 20, 1997; his appeal was denied as untimely on June 14, 2001. (Id., ¶ 11.) His motion for reconsideration was denied by the Appellate Division on July 23, 2001. (Id.) The Supreme Court of New Jersey denied certification on October 30, 2001. (Id.)

On January 9, 1997, while his post-conviction application was pending in state court, Petitioner twice applied for federal habeas corpus relief pursuant to 28 U.S.C. § 2254; one application was dismissed by the District Court on April 14, 1998 for failure to exhaust state remedies, the second filed September 8, 1998 and dismissed August 2, 1999. (Id.) Petitioner apparently applied for a certificate of appealability on the first habeas Petition, which was denied by the District Court on August 24, 1999; Petitioner's motion for reconsideration was denied on

January 27, 2000.  (Id.)  On or about October 18, 2000, United States Court of Appeals for the Third Circuit denied Petitioner's application for a certificate of appealability.  (Id.)

## II.  DISCUSSION

Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244 (d) (1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> ...

28 U.S.C. § 2244 (d) (1).

The applicable limitations period in Petitioner's case is 28 U.S.C. § 2244 (d) (1) (A).  Petitioner was convicted on April 21, 1980, after a guilty plea.  (Ans., ¶ 2.)  The trial court's conviction and sentence were affirmed by the New Jersey Appellate Division on April 2, 1981.  (

Ans., ¶ 9.)  Petitioner did not apply for certification, or filed for a Writ of Certiorari to the United States Supreme Court.

As Petitioner's route of direct appeal ended before the effective date of the AEDPA on April 24, 1996, Jones' Petition for a writ of habeas corpus had to be filed with the Clerk of this Court by April 24, 1997 in order to be timely under § 2244(d), unless the limitations period was statutorily and/or equitably tolled.  See Miller v. Dragovich, 311 F.3d 574, 576 (3d Cir. 2002); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (in cases in which a prisoner's conviction had become final before April 24, 1996, there would be a one-year grace period following the effective date of the AEDPA in which to file a petition for habeas corpus relief).  Pursuant to the grace period applicable to convictions becoming final before the effective date of the AEDPA, Petitioner had one year, or until April 24, 1997, in which to file a Petition for a Writ of Habeas Corpus.  Petitioner submitted an application for state post-conviction relief, which was denied on October 20, 1997, and his motion to file an appeal out of time was denied on June 4, 2001.  Petitioner did not submit the present application until March 18, 2002.  His latest habeas filing occurred after two previous Petitions, the first filed January 9, 1997 and dismissed on April 14, 1998, the second filed September 8, 1998 and dismissed August 2, 1999.  (Id.)

Analysis

The AEDPA provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court. See 28 U.S.C. § 2244 (d) (2).[1] Petitioner's limitations period began running one day after his conviction became final on April 23, 1996, due to the one year grace period for convictions becoming final prior to the effective date of the AEDPA on April 24, 1996, noted above. Absent statutory or equitable tolling, the limitations period expired on or about April 24, 1997.

The statute of limitations under 28 U.S.C. § 2244 (d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 93d Cir.), cert. denied, 124 S.Ct 317 (2003) (limitations period is statutorily tolled during the time a "properly filed" application for state post-conviction review is pending in state court; equitable tolling is a judicially crafted exception, citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999) ). The record indicates that Petitioner's state post-conviction application was pending in the state trial court on April 24, 1996, and was not denied until October 20, 1997. Reconsideration was denied on April 8, 1998. (Ans., Ex. 13.) Petitioner then had 45 days to appeal under N.J. Ct. R. 2:4-1(a); however he failed to file the relevant state court appeal until May 1,2001. (Ans., Ex. 37.) This attempt to appeal nunc pro tunc was denied on June 14, 2001; a motion for reconsideration was denied on July 23, 2001. (Ans., ¶ 11, Ex. 39 and 41.) Petitioner thus had one year to file a habeas petition from May 23, 1998 (the last day he could appeal the denial of post-conviction relief).

---

[1] 28 U.S.C. § 2244 (d) (2) provides as follows:
    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

However, he did not submit the current Petition until March 18, 2002, well beyond the limitations period.  Moreover, Petitioner's two previous habeas Petitions, the first filed January 9, 1997 and dismissed on April 14, 1998, the second filed September 8, 1998 and dismissed August 2, 1999, did not toll the applicable limitations period under federal law.  See Duncan v. Walker, 533 U.S. 167 (2001) (AEDPA tolling does not apply to the period of time taken by Petitioner's previous application for federal habeas corpus).  Under these facts, the AEDPA's statutory tolling provisions do not prevent this Petition being dismissed as time-barred, as it was filed well after the statute of limitations had expired.

As noted above, the AEDPA statute of limitations is also subject to equitable tolling.  Merritt, supra; Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Such tolling is applicable

> only when the principle of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.
> [Id.]

Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, supra, 195 F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).  Petitioner has not demonstrated that he, in some extraordinary way, was prevented from asserting his rights, mistakenly asserted his rights in the wrong forum, or was misled.  Moreover, after independent

review of the record, the Court and can discern no extraordinary circumstances warranting equitable tolling.

Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c) (2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

As explained above, the Court has concluded that this Petitioner's application is time barred, and that neither the statutory tolling provision nor the doctrine of equitable tolling renders his Petition timely. The Court is persuaded that reasonable jurists would not debate the correctness of these conclusions. Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and  no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c). See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## III.  CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Habeas Corpus Relief, and declines to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253 (c).

An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
**ROBERT B. KUGLER**
**UNITED STATES DISTRICT JUDGE**

**DATED**   October 20,  2005